## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS POLLACK**<br>176 Charlton Avenue<br>South Orange, NJ 07079 | : <br> : <br> : <br> : | **CIVIL ACTION** |
| vs. | : <br> : <br> : | |
| **THOMAS J. LUARDO**<br>254 Hathaway Lane, Apartment A3<br>Wynnewood, PA 19096 | : <br> : <br> : | No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Louis Pollack, is an adult citizen and resident of the State of New Jersey, residing therein at 176 Charlton Avenue, South Orange, NJ 07079.

2.      Defendant, Thomas J. Laurdo, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing therein at 254 Hathaway Lane, Apartment A3, Wynnewood, PA 19096.

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendant.

4.      Venue in this Court is proper under 28 U.S.C. §1391 because the defendant resides within this district and the incident involved herein occurred with this district.

5.      On June 14, 2017, Louis T. Pollack was riding his bicycle traveling westbound on Lancaster Avenue approaching Remington Road in Lower Merion Township, Montgomery County, Pennsylvania.

6.      On that date, defendant was also traveling westbound on Lancaster Avenue approaching Remington Road, Lower Merion Township, Montgomery County, Pennsylvania.

7.      Defendant's vehicle is a 2013 Jeep Wrangler with license plate #JDR8912.

8.      Louis T. Pollack is legally defined as a "Full Tort" plaintiff in this litigation.

1

9.      Defendant is legally barred from asserting a "Limited Tort" defense in this action.

10.      At the time and place as aforementioned, defendant carelessly and negligently operated said motor vehicle so as to strike plaintiff as a result of which he sustained serious, painful and permanent personal injuries, more particularly described hereinafter.

11.      The accident described herein was caused by the negligence of the defendant and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

12.      At the time and place as aforementioned, defendant negligently, carelessly and recklessly operated said vehicle; failed to bring said vehicle to a stop; failed to make proper observations; failed to exercise that degree of caution and circumspection required by law under the circumstances; failed to properly guide, steer and control the vehicle and was otherwise careless and inattentive.

13.      Defendant violated PAVC 3303(a)(3) and was issued a Citation.

```
§ 3303.  Overtaking vehicle on the left.
   (a)  General rule.--The following rules shall govern the
overtaking and passing of vehicles proceeding in the same
direction, subject to the limitations, exceptions and special
rules stated in this chapter:
      (1)  The driver of a vehicle overtaking another vehicle
proceeding in the same direction shall pass to the left of the
other vehicle at a safe distance and shall stay to the left of
the other vehicle until safely clear of the overtaken vehicle.
      (2)  Except when overtaking and passing on the right is
permitted, the driver of an overtaken vehicle shall not
increase the speed of the vehicle until completely passed by
the overtaking vehicle and shall give way to the right in favor
of the overtaking vehicle on suitable signal.
      (3)  The driver of a motor vehicle overtaking a pedalcycle
proceeding in the same direction shall pass to the left of the
pedalcycle within not less than four feet at a careful and
prudent reduced speed.
```

14.      The wrongful and negligent conduct of defendant consisted of, among other things, the following:

a.      Failing to have said motor vehicle under adequate and proper control;

b.      Striking plaintiff;

c.      Operating motor vehicle in an "over-aggressive" manner;

d.      Failing to appreciate traffic conditions;

2

e. Failing to stop said motor vehicle prior to impact with plaintiff;

f. Operating said motor vehicle in an inattentive manner;

g. Failure to properly brake and steer said motor vehicle;

h. Failure to operate said motor vehicle in a safe manner;

i. Disregarding the designated lanes of travel on the road;

j. Disregarding applicable traffic controls and/or signals;

k. Following other traffic too closely;

l. Negligence per se;

m. Operating said vehicle without due regard to the traffic, use, width and purpose of the roadway;

n. Failure to institute and/or enforce policies and procedures regarding safe operation and maintenance of said vehicle;

o. Failing to prevent motor vehicle to come into contact with plaintiff;

p. Operating said motor vehicle at a high and excessive rate of speed under the circumstances;

q. Failing to use due caution in driving said motor vehicle;

r. Failing to take due note of the point and position of the plaintiff;

s. Failing to yield the right-of-way to plaintiff;

t. Failing to warn plaintiff;

u. Failing to stop said motor vehicle prior to contacting plaintiff's bicycle;

v. Failing to maintain a proper lookout;

w. Failing to afford plaintiff proper and sufficient notice and warning of said motor vehicle's position and path of travel;

x. Operating said motor vehicle without due regard to the traffic, use, width and purpose of the roadway;

y. Failure to be properly qualified as an operator of a said motor vehicle of the kind operated by defendant;

z. Failure to abide by policies and procedures regarding safe operation and maintenance of said motor vehicle;

aa. Causing the front of said motor vehicle to come in contact with plaintiff; and,

bb. Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances.

15.    As a direct and proximate result of the negligence of defendant, plaintiff was struck.

## COUNT I
### Louis T. Pollack v. Thomas J. Luardo
### DAMAGES

16.    Plaintiff hereby incorporates by reference all of the averments and allegations contained in the foregoing paragraphs as though the same were set forth herein.

17.    As a direct and proximate result of the negligence of defendant, as aforesaid, plaintiff was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

18.    As a result of the aforesaid collision, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

19.    As a result of the collision, plaintiff sustained serious and painful bodily injuries, necessitated medical treatment; caused plaintiff great pain and suffering and left the plaintiff with permanent disabilities which will in the future incapacitate, cause pain and suffering and require medical treatment.

20.    As a result of the accident aforementioned, plaintiff sustained multiple injuries including, but not limited to the following injuries, as well as other injuries to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature:

- Acute left L2 transverse process fracture,
- Traumatic mild brain injury resulting in post-traumatic headaches, dizziness, imbalance, photophobia and phonophobia;
- Concussion with post-concussion syndrome;
- Severe abrasions, bruising and contusions to left side of chest, left leg, left arm, hands and legs;

4

- Costochondritis of the right rib cage;
- Lumbar spine sprain and strain;
- Left sacroiliitis; and,
- Left leg muscular disruption.

21.    As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in his usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures.

22.    As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

23.    As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has suffered an injury which is permanent, irreparable and severe.

24.    As a direct and proximate result of the aforesaid negligence and the collision, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

25.    As a further result of the defendants' negligence, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

26.    As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which the defendant is liable.

WHEREFORE, plaintiff, Louis Pollack, demands judgment in his favor and against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER

BY: _____

Steven G. Wigrizer, Esq., ID #30396
Jason S. Weiss, Esq., ID #310446
WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215-569-0900 – telephone)
(215-569-4621 – facsimile)
wigrizers@wnwlaw.com/weissj@wnwlaw.com